IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Norman Pulliam and Patriot's Plantation II, LLC, | ) ) ) | Civil Action No. 4:11-cv-03047-RBH |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| David R. Clark, T. Stewart Gibson, The National Auction Group, Inc., Patriot's Plantation, LLC, First Century Bank, N.A., and T. Stewart Gibson as Trustee of the William S. Clark Irrevocable Trust Dated February 17, 2008, | ) ) ) ) ) ) ) ) | **O R D E R** |
| Defendants. | ) ) | |

Plaintiffs (Norman Pulliam and Patriot's Plantation II, LLC) allege that they were the high bidders at an absolute auction sale of real and personal[1] property at Patriot's Plantation in Williamsburg County, South Carolina, on August 25, 2011.  The auction was conducted by Defendant National Auction Group (NAG).  Defendants First Century Bank and Clark Irrevocable Trust hold liens on the property.  Plaintiffs contend that the defendants agreed to release all liens on the property in return for the consideration to be paid by the high bidder at the absolute auction but that the defendants have refused to close on the sale. Attached to the Amended Complaint[2] are the

---

[1] The personal property (Purchase and Sale Agreement, Exhibit G) included a 2008 Ford F150; a 1996 Grumman boat, motor, and boat trailer; a jon boat with trailer; two four wheelers; six ATVs; a 1970s model John Deere motor grader; a mosquito control system; certain farm equipment; and certain furnishings.

[2] The Complaint had been amended before the case was removed to this Court.

1

Purchase and Sale Agreement dated August 25, 2011, between Defendant Patriot's Plantation, LLC as seller (By: Defendant T. Stewart Gibson, as attorney in fact for Defendant David R. Clark, Manager) and Patriot's Plantation II, LLC as buyer (By: Norman F. Pulliam), with attached Terms and Conditions of Auction, Title Commitment, and other pertinent documents.   The purchase price based on the bid was $3,685,000.  The sale was to close by September 26, 2011.  The Purchase and Sale Agreement provided that the property would be conveyed "free and clear of all liens and monetary encumbrances, but subject to all easements and prescriptive rights." (Purchase and Sale Agreement, ¶ 3).  It also provides that the property is being sold subject to any rights-of-way "and all other matters of record shown on the Title Commitment dated August 3, 2011, issued by The Security Title Guarantee Corporation of Baltimore. (*Id*. at ¶ 12).  In the event of default on the part of the seller, the contract provides for specific performance.

### Claims

Plaintiffs have alleged causes of action against all defendants for: (1) specific performance and breach of contract, (2) negligence, (3) negligent misrepresentation, (4) breach of contract accompanied by fraudulent act, (5) fraud, (6) preliminary and permanent injunction, and (7) unfair trade practices.[3]  NAG has filed an Amended Answer (ECF No. 74) with crossclaims against Patriot's Plantation, LLC for contractual indemnification and breach of contract, as well as a crossclaim against First Century for tortious interference with contract.

---

[3] By Consent Order, the Plaintiffs agreed to dismiss their First, Fourth, Fifth, Sixth, and Seventh causes of action as to NAG as well as their request for punitive damages.  (ECF No. 76).

**Motions Before the Court**

Defendants First Century; T. Stewart Gibson, individually; and T. Stewart Gibson, Trustee of the Clark Trust; have moved to dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  First Century has also filed a motion to dismiss the cross-claim by NAG for failure to state a claim.  Plaintiffs have filed a motion to amend the Complaint to add Bank of Floyd and First Sentry Bank as parties and to add a cause of action for tortious interference with contract against First Century; Clark; Gibson, individually and as Trustee of the Clark Irrevocable Trust; Bank of Floyd; and First Sentry Bank.  Plaintiffs have also filed a motion for a preliminary injunction.

A hearing was held on May 14, 2012, regarding the above motions.  Appearing at the hearing were counsel for the Plaintiffs and counsel for Defendants First Century; NAG; and Gibson, individually and as trustee of the Clark Trust.

**Standard of Review for Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted."  The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

3

(2007)).  Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The United States Supreme Court recently stated that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  When ruling on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## I.  First Century's Motion to Dismiss Complaint (ECF No. 7)

### A. Breach of Contract (First Cause of Action)

"To recover for a breach of contract, the plaintiff must prove: (1) a binding contract entered into by the parties; (2) a breach or unjustifiable failure to perform the contract; and (3) damage suffered by the plaintiff as a direct and proximate result of the breach." *Tomlinson v. Mixon*, 626 S.E.2d 43, 50 (S.C. Ct. App. 2006) (vacated on other grounds) *(citing Fuller v. E. Fire & Cas. Ins. Co.*, 124 S.E.2d 602, 610 (S.C. 1962). Under South Carolina law, "[f]or a contract to arise there must be an agreement between two or more parties.  There must be an offer, there must be an acceptance, and there must be a meeting of the minds of the parties involved," as to "all essential and material terms of the agreement." *Rushing v. McKinney*, 633 S.E.2d 917, 922 (S.C. Ct. App. 2006); *Davis v. Greenwood Sch. Dist. 50*, 620 S.E.2d 65, 67 (S.C. 2005).

4

First Century asserts that the only contract referenced in the Plaintiffs' Amended Complaint is the Purchase and Sale Agreement, which is signed by Plaintiff Pulliam on behalf of Patriot's Plantation II and by Defendant Gibson on behalf of Patriot's Plantation, LLC. (Am. Compl. ¶ 15, ECF No. 1-2). First Century asserts that the Plaintiffs' breach of contract claim against First Century fails because there is no contract between the Plaintiffs and First Century. *W.E. Gilbert & Assocs. v. South Carolina Nat'l Bank*, 330 S.E.2d 307, 309 (S.C. Ct. App. 1985) ("To recover in an action for breach of contract, the plaintiff must, of course, prove the existence of a contract, oral or written").

Plaintiffs allege in the Amended Complaint that "defendants" entered into the contract with them as evidenced by the Purchase and Sale Agreement, along with its attachments. Plaintiffs allege that First Century and the Clark Trust should be required to honor the terms of the contract "due to the fact that said Defendants authorized the sale of the property at the absolute auction that occurred on August 25, 2011." (Am. Compl. ¶ 28, ECF No. 1-2).

The only contract that the Plaintiff references in its breach of contract claim is the Purchase and Sale Agreement, to which First Century is not a party. It was signed by Pulliam on behalf of Patriot's Plantation II and by Gibson on behalf of Patriot's Plantation, LLC. Therefore, the Amended Complaint fails to allege a contract between the Plaintiffs and First Century.[4] The Plaintiff's allegations that First Century conveyed to another defendant an authorization of the absolute auction does not amount to an allegation that there was an offer, acceptance, or meeting of

---

[4] To the extent that the Plaintiff is attempting to allege that First Century was a party to the Purchase and Sale Agreement, the Statute of Frauds would bar such an oral agreement. *See* S.C. Code Ann. § 32-3-10(4) ("No action shall be brought . . . [t]o charge any person upon any contract or sale of lands . . . (u)nless the agreement upon which such action shall be brought . . . shall be in writing and signed by the party to be charged therewith or some person thereunto by him lawfully authorized."

the minds between the Plaintiff and First Century.  The breach of contract claim against First

Century is accordingly dismissed.

### B.  Breach of Contract Accompanied by a Fraudulent Act (Fourth Cause of Action)

In order to recover for breach of contract accompanied by a fraudulent act, a plaintiff must

establish: 1) a breach of contract; 2) fraudulent intent relating to the breaching of the contract and

not merely to its making; and 3) that the breach was accompanied by a fraudulent act. *Minter v.

GOCT, Inc.*, 473 S.E.2d 67, 70 (S.C. Ct. App. 1996).  A claim for breach of contract accompanied

by a fraudulent act "requires proof of fraudulent intent relating to the *breaching* of the contract not

merely to its making." *Ball v. Canadian American Exp. Co., Inc.*, 442 S.E.2d 620, 623 (S.C. Ct.

App. 1994).  Fraudulent intent is normally proved by circumstances surrounding the breach. *Floyd

v. Country Squire Mobile Homes, Inc.*, 336 S.E.2d 502, 503-04 (S.C. Ct. App. 1985).  The

fraudulent act that must accompany the breach is defined as "any act characterized by dishonesty in

fact or unfair dealing." *RoTec Servs., Inc. v. Encompass Servs., Inc.*, 597 S.E.2d 881, 883 (S.C.

App. 2004).  The fraudulent act may be prior to, contemporaneous with, or subsequent to the

breach, but it must be connected with the breach itself and not too remote in time or character.

First Century argues that there was no contract between it and the Plaintiffs and that

therefore there cannot be a breach of contract accompanied by fraudulent act.  The Court agrees and

thus dismisses Plaintiff's claim of breach of contract accompanied by a fraudulent act.

### C.  Negligence (Second Cause of Action)

A negligence claim consists of three elements: (1) a duty of care owed by the defendant to

the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately

resulting from the breach. *Crolley v. Hutchins*, 387 S.E.2d 716, 717 (S.C. Ct. App. 1989).  First

Century contends that Plaintiffs have insufficiently alleged both the duty and breach elements of the negligence claim.

In order for liability to attach based on a negligence theory, the parties must have "a relationship recognized by law as providing the foundation for a duty to prevent an injury." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 644 S.E.2d 43, 46 (S.C. 2007); *Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 586 S.E.2d 586, 588 (S.C. 2003). Such duties are generally created by a statute or a contractual relationship and may also be carved out by the courts based upon the unique relationship between the parties or "some other special circumstance." *Id.* It is the relationship between the parties, not the potential "foreseeability of injury," that determines whether the law will recognize a duty in a given context. *Id.*

There is "no general duty to control the conduct of another or to warn a third person or potential victim of danger." *Doe v. Marion*, 605 S.E.2d. 556, 560 (S.C. Ct. App. 2004). Moreover, the Supreme Court of South Carolina "will not extend the concept of a legal duty of care in tort liability beyond reasonable limits." *McCullough*, 644 S.E.2d at 46 (declining to recognize a duty of care between a secured creditor and a third party). In the banking context, South Carolina courts recognize that banks owe "no special duty of care" to ordinary customers, and an individual is not ordinarily entitled to rely on a bank for financial guidance, information regarding potential liabilities flowing from contractual agreements, or for information on the financial condition of others. *Regions Bank v. Schmauch*, 582 S.E.2d 432, 443-44 (S.C. Ct. App. 2003) (citing *Citizens & S. Nat'l Bank of South Carolina v. Lanford*, 443 S.E.2d 549, 551 (S.C. 1994); *PPG Indus., Inc. v. Orangeburg Paint & Decorating Ctr.*, 375 S.E.2d 331 (S.C. Ct. App. 1989)). Additionally, South Carolina law does not recognize a duty arising merely from the fact of the creditor/debtor

7

relationship. *Burwell v. South Carolina Nat'l Bank*, 340 S.E.2d 786, 790 (S.C. 1986).

Plaintiff cites *South Carolina Ports Authority v. Booz-Allen & Hamilton, Inc*., 346 S.E.2d 324 (S.C. 1976), for the proposition that a tortfeasor's duty arises from his relationship to the injured party and that the relationship may arise out of the tortfeasor's contractual relationship with a third party. "Liability for negligence . . . has been extended to parties other than those to the contract in certain circumstances." *Id*. at 326. *Booz-Allen*, however, is distinguishable from the case at bar. In *Booz-Allen*, the Georgia Ports Authority contracted with Booz-Allen, a consulting firm, to prepare a report comparing the Savannah port with the Charleston port. Officials from South Carolina were not consulted, and the report found that the Savannah port was superior. It contained false facts concerning the Charleston port. The Georgia Ports Authority distributed the report to various customers and potential customers. A lawsuit was brought by the South Carolina Ports Authority, the Pilots Association, and two chapters of the Longshoremen's Association alleging negligence. The issue was whether Booz-Allen owed a duty to the plaintiffs. The court recognized that, in some cases, liability for negligence in preparing reports has been extended to parties other than those to the contract. Consultants have been held liable in negligence to non-contracting parties who have reasonably relied on their reports in taking some action. The court held "a duty to use due care, running from a consultant to the commercial competitor who is being criticized, arises when the consultant undertakes to objectively analyze and compare the attributes of commercial competitors for the purpose of giving one a market advantage over the other." *Id*. The court found that Booz-Allen owed a duty to the South Carolina Ports Authority to exercise due care to accurately report objective factual data concerning the Charleston port if Booz-Allen knew or should have known the report was intended to be used by the Georgia Ports Authority as a

8

marketing device.  However, no duty was owed to individuals who simply rely on the South Carolina port for commercial profit.

Plaintiff argues that, in this case, First Century was "effectively a seller" of the property because it held liens on the property greater than the value of the property which it had allegedly agreed to discharge once the high bidder at the auction paid its bid.  Therefore, Plaintiff asserts that First Century owed a duty to all bidders (and especially the Plaintiff) because they relied on First Century's representations in determining the amount to bid for the property.

The Court agrees with First Century that no duty has been shown under South Carolina law and therefore dismisses the common law negligence claim.

### D.  Negligent Misrepresentation (Third Cause of Action)

In order to recover for negligent misrepresentation, a plaintiff must prove: 1) a false representation made by the defendant to the plaintiff; 2) a pecuniary interest by the defendant in making the statement; 3) a duty of care owed by the defendant to see that truthful information was communicated to the plaintiff[5]; 4) the defendant breached the duty by failing to exercise due care; 5) the plaintiff justifiably relied on the representation; and 6) the plaintiff suffered a pecuniary loss as a direct and proximate result of reliance on the representation.  *Sauner v. Public Serv. Auth. of South Carolina*, 581 S.E.2d 161, 166 (S.C. 2003).

First Century asserts that any allegations of false representations are "formulaic, conclusory, and vague." (Mem. to Mot. to Dismiss 13, ECF No. 7-1).  They further assert that, even if the

---

[5] "A duty to exercise reasonable care in giving information exists when the defendant has a pecuniary interest in the transaction . . . .  The fact that the information is given in the course of the defendant's business, profession, or employment is a sufficient indication that he has a pecuniary interest in it, even though he receives no consideration for it at the time."  *Winburn v. INA*, 339 S.E.2d 142 (1985).

9

Plaintiffs sufficiently alleged that First Century mis-informed the Plaintiffs that the liens would be released, this is a forward-looking representation relating to future conduct and cannot form the basis of a negligent misrepresentation claim.  Torts based on misrepresentation "must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events." *Tom Hughes Marine, Inc. v. Am. Honda Motor Co*., 219 F.3d 321, 324-25 (4th Cir. 2000).

Paragraph 47 of the Complaint alleges as a false representation by First Century that NAG had the authority to conduct the absolute auction.  This was not a forward-looking representation; First Century had allegedly already given NAG the authorization to conduct the absolute auction at the time the representation was made. The Amended Complaint sufficiently alleges the elements of this claim.  Therefore, the Court denies the motion to dismiss Plaintiffs' negligent misrepresentation claim against First Century.

### E.  Fraud (Fifth Cause of Action)

When a plaintiff alleges fraud, Federal Rule of Civil Procedure 9(b) requires courts to apply a heightened pleading standard to those claims.  Rule 9(b) requires that, when "alleging fraud . . . a party must state with particularity the circumstances constituting fraud." *Id.*  The heightened pleading standard contained in Rule 9(b) requires plaintiffs to plead with particularity " 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' " *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297 at 590 (2d ed. 1990)).

In order to prove fraud, the following elements must be shown by clear and convincing

evidence: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *Ardis v. Cox*, 431 S.E.2d 267, 269 (S.C. Ct. App. 1993).

First Century asserts that the Plaintiffs' fraud allegations are conclusory and lack sufficient factual enhancement. Additionally, it states that the "circumstances constituting fraud" have not been alleged with particularity. It asserts: "It is unclear from the Amended Complaint as to when exactly before the auction these representations were made, where they were made, what precisely was said, or the 'identity of the person making the misrepresentation." (Mem. to Mot. to Dismiss, ECF No. 7-1 (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)).

The fraud claim is contained in paragraphs 64-75 of the Amended Complaint. First Century is not mentioned by name in these paragraphs, which refer only to the defendants as a group. However, when the allegations of the preceding paragraphs are considered, the Court finds that fraud is sufficiently alleged. A reasonable construction of the allegations contained in the entire Amended Complaint is that at some time shortly before the auction, a representative of the bank misrepresented that NAG had the authority to conduct an absolute auction of the property. The Court is mindful that fraud is difficult to prove; however, the elements have been sufficiently alleged to survive a Rule 12(b)(6) motion to dismiss. First Century's motion to dismiss the fraud claim is accordingly denied.

**F.  South Carolina Unfair Trade Practices Act (Seventh Cause of Action)**

To recover under South Carolina's Unfair Trade Practices Act ("SCUTPA"), a plaintiff must establish: 1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; 2) the unfair or deceptive act affected the public interest; and 3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive acts. *Wright v. Craft*, 640 S.E.2d 486, 498 (S.C. Ct. App. 2006).

SCUTPA is not available to redress private wrongs if the public interest is unaffected. *LaMotte v. Punch Line of Columbia, Inc.*, 370 S.E.2d 711 (S.C. 1988). However, an impact on the public interest can be shown by acts having the potential for repetition. *Wogan v. Kunze*, 623 S.E.2d 107 (S.C. Ct. App. 2005). Potential for repetition can be shown by: (1) showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) showing the company's procedures created a potential for repetition of the unfair and deceptive acts. *Id.*

First Century contends that the Plaintiffs have not sufficiently alleged adverse public impact. The sole allegation regarding this is in paragraph 84, which states that First Century's acts and practices are capable of repetition because the bank "continues to be actively engaged in the banking business in the state of South Carolina." However, the fact that an actor is still alive and engaged in the same business is not sufficient to establish a potential for repetition. *Jefferies v. Phillips*, 451 S.E.2d 21, 24 (S.C. Ct. App. 1994). Plaintiffs' SCUTPA claim against First Century is therefore dismissed.

### G. *Request for Preliminary and Permanent Injunction (Sixth Cause of Action)*

Plaintiffs' request for injunctive relief is premised on the contract of sale and its provision for specific performance. The Court has already dismissed the breach of contract claim as to First

12

Century on the basis that it is not a party to the contract. Therefore, the Court finds that Plaintiffs fail to state a claim for injunctive relief against First Century.[6]

In summary, First Century's Motion to Dismiss for Failure to State a Claim (ECF No. 7) is granted as to the Plaintiffs' First, Second, Fourth, Sixth, and Seventh causes of action and denied as to the Plaintiffs' Third and Fifth causes of action (negligent misrepresentation and fraud).

## II.  Motion to Dismiss by Defendant T. Stewart Gibson as Trustee of the William S. Clark Irrevocable Trust Dated February 17, 2008 (ECF No. 24)

Defendant T. Stewart Gibson as Trustee first asserts that he should be dismissed from the lawsuit because he was not serving as trustee of the Clark Trust at the time of the events alleged in the Amended Complaint and that he is not currently serving as trustee. He attaches to his motion a resignation form that was purportedly signed by him on October 14, 2008.

Where there are no issues raised as to authenticity, "a court may consider a document outside the complaint in determining whether to dismiss the complaint where the document was integral to and explicitly relied on in the complaint." *E.I. duPont de Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435 (4th Cir. 2011). Here, the Amended Complaint refers to Gibson as trustee but does not reference the resignation document. The Plaintiffs have challenged the authenticity of the document, or at least request to be allowed to pursue the matter further in discovery. Therefore, the Court finds it premature to dismiss the claims as to Gibson, acting as trustee of the Clark Trust, on this basis alone.

Gibson, acting on behalf of the Clark Trust, also joins in the Motion to Dismiss by First

---

[6] If a foreclosure action is brought, the Plaintiffs would be joined as parties because of the *lis pendens* that is of record. Plaintiffs could request the state court to stay the foreclosure proceedings pending final disposition of this case.

Century.  For the reasons stated above, Plaintiffs' claims for breach of contract, breach of contract accompanied by a fraudulent act, negligence, injunctive relief, and unfair trade practices are dismissed as to the Clark Trust.  The motion, however, is denied as to the claims for fraud and negligent misrepresentation.

### III.  Motion to Dismiss by Defendant T. Stewart Gibson, Individually (ECF No. 23)

Defendant Gibson was the attorney who signed the Purchase and Sale Agreement as attorney-in-fact for Defendant David R. Clark, Managing Member of Patriot's Plantation, LLC. (The corporate resolution authorizing him to sign and referencing the Power of Attorney is attached to the motion to dismiss.)  He moves to dismiss the claims against him completely.

Gibson first asserts that he is not personally a party to the contract, so the claims for breach of contract, breach of contract accompanied by a fraudulent act, and injunctive relief should be dismissed as to him.  Secondly, he asserts that he did not assume any duty to the Plaintiffs but only acted as attorney-in-fact for Patriot's Plantation, LLC and that therefore the claims for negligence and negligent misrepresentation should be dismissed as to him.  He also contends that the Amended Complaint contains no specific allegations against him and that no conduct has been alleged under the SCUTPA claim which would adversely affect the public interest.  In addition, he joins in the grounds asserted in First Century's Motion to Dismiss.

The Plaintiffs contend that Gibson is a party to the contract, acted fraudulently, and committed unfair and deceptive trade practices because he made representations outside the scope of his authority at the auction that all liens were to be released when the high bid was paid.

The Plaintiffs' claims for breach of contract, breach of contract accompanied by a fraudulent act, and injunctive relief are based on the agreement between Defendant Patriot's Plantation, LLC

and Plaintiff Patriot's Plantation II for the purchase of the subject property.  This agreement was attached to the Amended Complaint.  A review of this agreement reveals that Gibson is not a party to that agreement in his individual capacity.  In fact, Plaintiffs recognize in their Response to the Motion to Dismiss that "Gibson signed the Contract (entered into with Plaintiffs) as the attorney-in-fact for Clark." (Pl.'s Resp. to Mot. to Dismiss 6, ECF No. 35).  The breach of contract and breach of contract accompanied by a fraudulent act claims and the request for injunctive relief are thus dismissed as to Gibson, individually.

As to the claims for negligence and negligent misrepresentation, Plaintiffs fail to allege any legally recognized relationship with Gibson that would give rise to a claim against him.  In *Stiles v. Onorato*, 457 S.E.2d 601 (S.C. 1995), the South Carolina Supreme Court held that "an attorney may be held liable for conspiracy where, in addition to representing his client, he breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client." *Id*. at 602.  However, the supreme court dismissed the complaint for failure to state a claim because the complaint nowhere alleged in what manner the attorney acted outside his role as counsel in the litigation; nor did it allege breach of an independent duty owed to the party that he had sued on behalf of his client.  Similarly, in the case at bar, Plaintiffs allege in paragraph 9 of the Amended Complaint that "Gibson was the attorney-in-fact for David R. Clark. Defendant T. Stewart Gibson had the authority to sign the contract for or on behalf of David R. Clark."  The only specifications of negligence against Gibson, individually, were that he negligently represented at the auction that he was authorized to bind his client, David R. Clark, and the Clark Trust to the Purchase and Sale Agreement; that he failed to properly analyze the legal powers given to him by his client; and that he failed to act reasonably and prudently in entering into the contract

15

for David R. Clark.  Plaintiffs further allege that "Gibson owed Plaintiffs a duty of due care with regard to the contract because [he]acted as attorney-in-fact for David R. Clark in signing the contract, David R. Clark was a seller of subject property in the contract."  (Am. Compl. ¶ 40, ECF No. 1-2).

As Gibson points out, Plaintiffs have not alleged that he breached any independent duty to them or acted within his own personal interest outside the scope of his authority as attorney-in-fact for Clark.  Simply acting as attorney-in-fact for the seller does not create any independent duty to the buyer.  Therefore, the negligence claim is dismissed as to Gibson, individually.

As to the negligent misrepresentation claim, the Plaintiffs allege in paragraph 48 of the Amended Complaint that Gibson "falsely represented to Plaintiffs that [he] had the authority of David R. Clark and/or Defendant First Century Bank, N.A. to enter into the contract and bind Defendants David R. Clark and/or Defendant First Century Bank, N.A. to the terms and conditions of the contract."  Paragraph 48 alleges that the representations were false if the bank is correct that it does not have to comply with the contract.  It also alleges that the false statements by Gibson were made "with his awareness of perceivable harm to Plaintiffs in that Plaintiffs were the high bidders at the absolute auction and [he] knew that Plaintiffs were relying upon his representations in investigating the property and purchasing the property."

As noted above, one of the elements of a negligent misrepresentation claim is a duty of care owed by the defendant to see that truthful information is communicated to the plaintiff.  As also previously noted, a duty to exercise reasonable care in giving information exists when the defendant has a pecuniary interest in the transaction.  Here, Plaintiffs do not allege that Gibson had a pecuniary interest in the sales transaction.  They do not allege that he acted as their attorney; they

clearly allege that he attended the auction to sign documents on behalf of Patriot's Plantation, LLC in the absence of its sole member and manager.  In South Carolina, an attorney is generally "immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client." *Argoe v. Three Rivers Behavioral Cts. & Psychiatric Solutions*, 697 S.E.2d 551, 554 (S.C. 2010) (citing *Pye v. Estate of Fox*, 633 S.E.2d 505, 509 (S.C. 2006) (quoting *Gaar v. N. Myrtle Bech Realty Co., Inc*., 339 S.E.2d 887, 889 (S.C. Ct. App. 1986))).  Plaintiffs do not allege that Gibson's role was anything other than attorney-in-fact for the manager of Patriot's Plantation, LLC.  Therefore, the Court finds that a claim has not been adequately stated for negligent misrepresentation.

Regarding Plaintiff's SCUTPA claim against Gibson, the Amended Complaint only makes conclusory allegations that "the allegations against Defendants described hereinabove constitute deceptive acts or practices in the conduct of trade or commerce." (Am. Compl. ¶ 83, ECF No. 1-2). Nowhere do Plaintiffs allege any conduct by Gibson that could be considered to be a violation of the SCUPTA.  Additionally, no conduct is alleged by Gibson that could result in an adverse impact on the public interest.  The only attempted allegation of potential for repetition as an adverse impact on the public interest is the allegation in paragraph 84 that Gibson "continues to act as attorney-in-fact in transactions within the state of South Carolina."  Again, however, the fact that the actor is still alive and engaged in the same business is not sufficient to establish a potential for repetition. Also, conduct that only affects the parties to the transaction do not affect the public interest. *Jefferies v. Phillips*, 451 S.E.2d 21 (S.C. Ct. App. 1994).  The SCUTPA claim is hereby dismissed as to Gibson, individually.

The Court accordingly finds that Plaintiffs fail to allege with particularity any claim against

17

Gibson.  The Court cannot draw any reasonable inference that Gibson should be held liable individually.  Therefore, Gibson's motion to dismiss Plaintiffs' claims against him individually is granted in its entirety.

## IV.  First Century Bank's Motion to Dismiss the Crossclaim filed by NAG (ECF No. 82)

NAG has asserted a crossclaim against First Century for tortious interference with a contractual relationship.  The crossclaim alleges (without attaching any of the contracts) that on June 7, 2011, NAG entered into a  "Listing Agreement"[7] with the seller, Patriot's Plantation, LLC to conduct an absolute auction regarding the property.  NAG alleges that First Century had knowledge of the Listing Agreement as evidenced by an agreement between Patriot's Plantation, LLC, Clark, and First Century on July 5, 2011, to which the Listing Agreement and an amendment were attached as exhibits.  The crossclaim further alleges that the Listing Agreement provided that the auction was absolute, with no minimum bid, and that the seller was required to deliver fee simple title to the highest bidder free and clear of all liens to the high bidder.  The crossclaim further alleges that, without NAG's knowledge, First Century entered into the contract referenced above on July 5, 2011, with Patriot's Planation, LLC placing a minimum on the final sales price in order for First Century to agree to release its liens.  The agreement provided that First Century would only release its liens on receipt of net proceeds from the auction of a minimum of $5,000,000.[8]  First Century also allegedly entered into another contract with two other banks dated

---

[7] The Listing Agreement is attached to First Century's Motion to Dismiss the Crossclaim as Exhibit 2 to the Affidavit of Jeffrey Forlines. (ECF No. 82-2).

[8] The July 5, 2011 agreement (the "Auction Agreement") between Patriot's Plantation, LLC, Clark, and First Century is attached to the Forlines affidavit as Exhibit 1.

18

August 11, 2011,[9] affirming the Listing Agreement but also stating that First Century would not release its liens unless it received the full principal amount of its loan.  The cross claim also alleges that, without the knowledge of NAG, the July 5, 2011, agreement between First Century and Patriot's Plantation, LLC provided that First Century would advance to Patriot's Plantation, LLC the upfront advertising and marketing costs to be paid by Patriot's Plantation, LLC to NAG. According to the allegations of the crossclaim, First Century knew that Patriot's Plantation, LLC was not able to satisfy any deficiency in the event the auction did not result in a sales price of at least $5,000,000.

The elements of a claim for tortious interference with a contract are: (1) the existence of a valid contract; (2) the defendant's knowledge thereof; (3) the defendant's intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages. *Eldeco, Inc. v. Charleston County School District*, 642 S.E.2d 726 (2007).

First Century has attached the Listing Agreement to its Motion to Dismiss the Crossclaim (ECF No. 82-2) and points to the language therein which lists the mortgages of record and states: "*Seller* shall convey the Property to the Buyer by General Warranty Deed, free and clear of all liens and encumbrances.  *Seller* agrees to provide release(s) of any lien(s) or mortgage(s).  *Seller* further acknowledges and agrees to pay any cash difference between the monies received by Seller and any lien(s) and mortgage(s) on property(s)." (emphasis added).  First Century also points out that the subsequent agreements made the seller's duties under the agreement easier and thus no cause of action has been stated for tortious interference with a contract.  First Century asserts that it was proper to attach the agreements referenced in the crossclaim to their motion, citing authority for the

_____

[9] The August 11, 2011 agreement is attached to the Forlines affidavit as Exhibit 3.

proposition that, where no issues exist regarding authenticity, "a court may consider a document outside the complaint in determining whether to dismiss the complaint where the document was integral to and explicitly relied on in the complaint." *E.I. duPont de Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435 (4th Cir. 2011).

NAG contends that, by attaching the contracts to the motion, the motion to dismiss is being converted into a motion for summary judgment and that it is too early to construe contracts on the merits.

After reviewing the allegations of the crossclaim, the Court finds that the elements of the cause of action of tortious interference with contract have been alleged. No discovery has occurred, and construing the contracts at this early stage would not be appropriate. Therefore, the motion to dismiss NAG's crossclaim against First Century is denied.

## V. Plaintiffs' Motion to Amend

Where the deadline for filing amended pleadings set forth in the Scheduling Order has not passed[10], motions to amend a pleading are governed by Rule 15 of the Federal Rules of Civil Procedure. Specifically, Rule 15(a)(2) provides in pertinent part that "[t]he court should freely give leave [to amend] when justice so requires." A motion to amend a pleading should be denied "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards*, 178 F.3d at 242 (internal quotations and citations omitted). Further, "[d]elay alone is an insufficient reason to deny leave to amend," unless "the delay [is] accompanied by prejudice, bad faith, or futility." *Id.* For a motion to

---

[10] In the Conference and Scheduling Order filed on November 22, 2011, the deadline for filing motions to amend was February 16, 2012. The plaintiff filed its Motion to Amend on February 1, 2012.

amend to be denied as futile, the amendment must be "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986); *see also Alonso v. McAllister Towing of Charleston, Inc.*, 595 F. Supp. 2d 645, 649 (D.S.C. 2009).

Plaintiffs seek to file a Second Amended Complaint to add the Bank of Floyd and First Sentry Bank as parties and to add a cause of action for tortious interference with contract against First Century, Clark, Gibson, Bank of Floyd, and First Sentry Bank. Plaintiffs indicate that the motion to amend is based upon newly discovered evidence, namely documents provided to them by First Century in its Fed. R. Civ. P. 26(a)(1) Initial Disclosures. They state that they received copies with the Initial Disclosures of the following: Listing Agreement dated June 7, 2011 between NAG and Defendant Patriot's Plantation; Agreement dated July 5, 2011 between Defendants First Century and Patriot's Plantation; and Agreement dated August 11, 2011 between First Century, Bank of Floyd, and First Sentry Bank.

Defendant First Century opposes the motion to amend on the basis that the amendments would be futile, as they fail to state a claim.

The Court will first address the motion to add the Bank of Floyd and First Sentry Bank as parties. A review of the proposed Second Amended Complaint (ECF No. 85-1) reveals that the Plaintiffs seek to allege claims against these banks for breach of contract, breach of contract accompanied by fraudulent act, negligence, negligent misrepresentation, fraud, unfair trade practices, tortious interference with contract, and injunctive relief. The allegations being made against Bank of Floyd and First Sentry Bank are the same as those alleged against lienholders First Century Bank and the Clark Trust. Therefore, to the extent that those claims are being dismissed as to First Century and the Clark Trust, the Court finds those claims to be futile as to the Bank of

21

Floyd and First Sentry Bank, and the motion is denied to that extent. However, as to those claims that survive the Motion to Dismiss by First Century and the Clark Trust, then those claims would not be futile as to the two proposed new banks. No prejudice has been shown to the other defendants in adding these new parties at this time, where little or no discovery has occurred. The motion is timely under the scheduling order. Therefore, the Motion to Amend to add the Bank of Floyd and First Sentry Bank is granted in part and denied in part.

The motion is granted insofar as the Plaintiffs are permitted to amend their complaint to add claims for negligent misrepresentation and fraud against the two new banks. The motion is denied as to the purported claims for breach of contract, breach of contract accompanied by a fraudulent act, negligence, unfair trade practices, and injunctive relief.

Plaintiffs have also requested leave to amend their complaint to add a claim for tortious interference with contract against First Century; Bank of Floyd; First Sentry Bank; Clark; and Gibson, individually and as trustee for the Clark Trust.

First Century asserts in opposition to the motion to amend that Plaintiffs have failed to allege the existence of a valid contract. In other words, they contend that the alleged contracts that interfered with Plaintiffs' Purchase and Sale Agreement were actually entered into before the Purchase and Sale Agreement was in existence.

The proposed Second Amended Complaint alleges that the refusal by the banks to release the liens interferes with the Purchase and Sale Agreement. It further alleges no justification because of the banks' awareness of the Listing Agreement which refers to an absolute auction. It further alleges intent and resulting damages. Therefore, the motion to amend states a claim and must be granted as to the banks and Gibson as trustee of the Clark Trust. The proposed Second

Amended Complaint fails to state a claim as to Defendant Gibson, individually and the motion is denied as to Gibson, individually.

### CONCLUSION

The Motion to Dismiss for Failure to State a Claim by Defendant First Century Bank (ECF No. 7) is **GRANTED** as to Plaintiffs' First, Second, Fourth, Sixth, and Seventh causes of action and **DENIED** as to Plaintiffs' Third and Fifth causes of action (negligent misrepresentation and fraud).

The Motion to Dismiss for Failure to State a Claim (ECF No. 23) by Gibson, individually, is **GRANTED**.

The Motion to Dismiss for Failure to State a Claim (ECF No. 24) by Gibson, as trustee of the Clark Trust is **GRANTED IN PART** and **DENIED IN PART**.  The motion is denied as premature in that it asserts that Gibson is no longer acting as trustee, as discovery has not yet occurred on this issue. The motion is also denied as to Plaintiffs' Third and Fifth causes of action (negligent misrepresentation and fraud).  The motion is granted as to Plaintiffs' First, Second, Fourth, Sixth, and Seventh causes of action.

The Motion to Dismiss Crossclaim by First Century (ECF No. 82) is **DENIED**.

The Plaintiffs' Motion to Amend is **GRANTED IN PART** in that the Bank of Floyd and First Sentry Bank are added as parties for the Third and Fifth Causes of Action (negligent misrepresentation and fraud).  The Motion to Amend is **DENIED IN PART** in that the Bank of Floyd and First Sentry Bank are not added with regard to the plaintiffs' First, Second, Fourth, Sixth, and Seventh Causes of Action.  Plaintiffs' request to amend their complaint to add a claim for tortious interference with a contract is **GRANTED** as to the banks; Gibson as trustee of the Clark Irrevocable Trust;  and Clark and is **DENIED** as to Gibson, individually.

Plaintiff shall file its Second Amended Complaint with the claims allowed herein within five (5) days of the date of this Order.  Plaintiffs should promptly serve the additional new parties Bank of Floyd and First Sentry Bank.

A new scheduling order will be issued by the Court upon appearance of the new parties, Bank of Floyd and First Sentry Bank.

**AND IT IS SO ORDERED**.

<u>s/ R. Bryan Harwell</u>
R. Bryan Harwell
United States District Judge

Florence, SC
May 21, 2012

24