IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Norman Pulliam and Patriot's Plantation, II, LLC, | ) ) ) | Civil Action No. 4:11-cv-03047-RBH |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| David R. Clark, T. Stewart Gibson, The National Auction Group, Inc., Patriot's Plantation, LLC, First Century Bank, N.A., and T. Stewart Gibson as Trustee of the William S. Clark Irrevocable Trust Dated February 17, 2008, | ) ) ) ) ) ) ) ) | **ORDER** *(Findings of Fact and Conclusions of Law)* **(Issuing Preliminary Injunction as to David R. Clark and Patriot's Plantation, LLC)** |
| Defendants. | ) ) | |

This matter is before the Court on Motion for Preliminary Injunction by Plaintiffs, Norman Pulliam and Patriot's Plantation II, LLC, pursuant to Fed. R. Civ. P. 65. ( Docket # 29). Pulliam requests the Court to issue a preliminary injunction "to prevent Defendants from selling, transferring, encumbering, foreclosing or performing any actions regarding the property that Defendants agreed to convey to Plaintiffs in the Contract at issue in this litigation." (Docket # 29, p.1). An affidavit by Norman Pulliam avers that defendant David R. Clark has moved farm equipment, including tractors, motor graders and ATV's to a plantation near Moncks Corner, South Carolina owned by a John R. Cumbie. According to the affidavit of Adam Padgett, Defendant Clark has recently entered into an agreement to sell Patriot's Plantation to Cumbie.

Defendant National Auction Group has filed a Response to the motion indicating that an injunction would not be necessary as to it but that, to the extent the motion is directed toward the sellers or owners of the property, NAG joins in the motion. Defendant First Century Bank filed a

memorandum in opposition to the motion.[1]

No response was filed by David R. Clark and Patriot's Plantation, LLC.

**FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit arises out of a Purchase and Sale Agreement regarding real and personal property located on "Patriots Plantation" in Williamsburg County, South Carolina. Defendant, National Auction Group, Inc. marketed and sold, at an absolute auction, the real and personal property located at 700 Muddy Creek Road, Johnsonville, Williamsburg County, South Carolina, which is known as "Patriot's Plantation". The Amended Complaint alleges that Defendant First Century Bank, N.A. and T. Stewart Gibson as Trustee of the William S. Clark Irrevocable Trust dated February 17, 2008 authorized National Auction Group to conduct the absolute auction, meaning that the highest bidder, for the amount of the high bid, receives the real property and personal property specified in the contract at the closing which was to occur within thirty (30) days of the auction date, on August 25, 2011.

The Amended Complaint further alleges that Defendants agreed to release all liens, claims, mortgages and encumbrances that they held regarding the property in return for the consideration to be paid by the high bidder at the absolute auction sale. Plaintiffs agreed to pay $3,685,000 to purchase the real and personal property enumerated in the Contract and Defendants agreed to convey the property to Plaintiffs free and clear of any and all liens, mortgages, and encumbrances in return for the consideration to be paid by Plaintiffs in the amount of $3,685,000, closing to occur within thirty (30) days of the date of the Contract, which was August 25, 2011. Defendants are now

---

[1] The Court has found in a separate order that the claim for injunctive relief fails to state a claim as to First Century Bank, so it is not necessary to discuss the bank's arguments against the issuance of a preliminary injunction. Also, as noted previously in the other order in Footnote 6, a *lis pendens* has been filed and, should any foreclosure proceedings occur, the plaintiffs would need to be made parties and they could seek a stay of any proceedings in state court.

allegedly refusing to close on the sale of the property and are allegedly attempting to sell some or all of subject property.

Plaintiffs allege that Defendants are attempting to wrongfully violate the Contract in an attempt to sell the property for more money than the high bid at the auction sale in direct violation of the terms and provisions of the contract and the absolute auction agreement. Defendant David R. Clark has allegedly moved farm equipment, including tractors, motor graders and ATV's that he agreed to convey to Plaintiffs, pursuant to the Contract at issue in this litigation, to a plantation near Moncks Corner, South Carolina owned by John R. Cumbie (*See* Exhibit "2" to Motion for Preliminary Injunction, Norman Pulliam Affidavit at 1). Further, Defendant David R. Clark has allegedly recently entered into an agreement to sell Patriot's Plantation to John R. Cumbie, said agreement entered into between Cumbie and Clark after Plaintiffs entered into the Contract at issue in this litigation. *Id.  See* Adam Padgett Affidavit (Exhibit "3").

## LEGAL ANALYSIS

A preliminary injunction is an extraordinary remedy that will be issued only upon a showing by a plaintiff of four requirements: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346 (4th Cir.2009), vacated on other grounds, ––– U.S. ––––, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010) (citing *Winter v. NRDC, Inc*., 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) and redefining the Fourth Circuit's previous preliminary injunction standard articulated in *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir.1977)).[2] Because of the extraordinary nature of injunctive relief, the Supreme Court has

---

[2] Plaintiff cites the incorrect standard in its brief.

admonished that interlocutory injunctions "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, S.Ct. 365 at 376. Only after the plaintiff makes a clear showing that he is likely to succeed on the merits and that he is likely to be irreparably harmed absent injunctive relief should a court consider whether the balance of equities tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346-47. Finally, the court considers the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347.

If a preliminary injunction motion is granted, the order granting it must "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail–and not by referring to the complaint or any other document–the act or acts restrained or required." Fed. R. Civ. P. 65(d).

The Court is convinced that an injunction should be issued as to the seller under the Purchase Agreement, Patriot's Plantation, LLC and its manager, David R.Clark. The first factor to be analyzed is the likelihood of success on the merits. The plaintiff has presented the Court with a written contract which was signed on behalf of the seller after the absolute auction. The seller has not filed a response to the motion and failed to appear at the hearing. The plaintiff has made a sufficient showing of likelihood of success as against the seller. The plaintiff has also shown that he is likely to suffer irreparable harm if the property is sold during this lawsuit due to the unique nature of real estate. Additionally, as between the plaintiff and the seller, the plaintiff has shown that the equities tip in his favor, especially considering the sworn allegations in the affidavits presented by the plaintiff that Clark has already begun to sell personal property and has signed a new contract to sell the property to another buyer for a higher price. The seller admits in its Answer that it has already sold some personal property. Therefore, the balance of equities tips in the plaintiff's favor. Finally, the issuance of an injunction would be consistent with the public interest

in enforcing written contracts and recognizing the unique nature of real estate. *See Industrial Packaging Supplies, Inc. v. Martin*, slip copy, 2012 WL 1067650 (D.S.C. 2012).

It is therefore

**ORDERED** that the plaintiffs' motion for a preliminary injunction, docket number 29, is **GRANTED AS TO DEFENDANTS, DAVID R. CLARK AND PATRIOT'S PLANTATION, LLC**. It is further

**ORDERED** that Defendants David R. Clark and Patriot's Plantation, LLC, are enjoined from selling, tranferring, encumbering, or performing any actions regarding the real and personal property located on "Patriots Plantation" in Williamsburg County, South Carolina which was the subject of the Purchase and Sale Agreement dated August 25, 2011 attached to the Amended Complaint in this action, Docket # 1-2. It is further

**ORDERED** that this injunction shall remain in effect during the pendency of this action, and until a further order of this Court. It is further

**ORDERED** that bond is set in the amount of One hundred thousand ($100,000) dollars[3] and

---

[3] "In fixing the amount of an injunction bond, the district court should be guided by the purpose underlying Rule 65(c), which is to provide a mechanism for reimbursing an enjoined party for harm it suffers as a result of an improvidently issued injunction or restraining order. The amount of the bond, then, ordinarily depends on the gravity of the potential harm to the enjoined party: '[T]he judge usually will fix security in an amount that covers the potential incidental and consequential costs as well as either the losses the unjustly enjoined . . . party will suffer during the period he is prohibited from engaging in certain activities or the complainant's unjust enrichment caused by his adversary being improperly enjoined or restrained.' 11A Charles Alan Wright et al., *Federal Practice and Procedure* Section 2954, at 292 (2d ed. 1995). Where the district court determines that the risk of harm is remote, or that the circumstances otherwise warrant it, the court may fix the amount of the bond accordingly. . . *See, e.g., International Controls Corp. v. Vesco*, 490 F.2d 1334 (2d Cir. 1974)(approving district court fixing bond amount at zero in the absence of evidence regarding likelihood of harm.)" *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, note 3 (4th Cir. 1999). Here, the defendants still have the full use of the property, and they have failed to respond to the motion to preliminary injunction. Therefore, a large bond does not appear to be warranted. If necessary, the defendants can seek an increase of the amount of the bond on a proper showing.

must be posted with the Clerk immediately.  It is further

**ORDERED** that counsel for the defendants David R. Clark and Patriot's Plantation, LLC shall notify their clients immediately of this Order.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, S.C.
May 21, 2012