IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Norman Pulliam and Patriot's Plantation II, LLC, | ) ) ) | Civil Action No. 4:11-cv-03047-RBH |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| David R. Clark, The National Auction Group, Inc., Patriot's Plantation, LLC, First Century Bank, N.A., T. Stewart Gibson as Trustee of the William S. Clark Irrevocable Trust Dated February 17, 2008, First Sentry Bank, and Bank of Floyd, | ) ) ) ) ) ) ) ) ) | **O R D E R** |
| Defendants. | ) ) | |
| _____ | ) | |

Before the Court is the Joint Motion to Dismiss Crossclaim by Defendants First Century Bank, First Sentry Bank, and Bank of Floyd (ECF No. 114).[1] Background facts are set forth in this Court's previous order ruling on previous Motions to Dismiss, ECF No. 93.

**Standard of Review for Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of the facts alleged in a claim set forth in a pleading. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The United States Supreme Court recently stated that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Analysis**

The bank defendants move to dismiss the crossclaim[2] against them for equitable indemnification by Defendants David R. Clark and Patriots Plantation, LLC. The basis for the motion is that the crossclaim allegedly contains no supporting factual allegations but only "naked assertions" and "legal conclusions". Additionally, the bank defendants contend that the crossclaim should be dismissed because it is implausible in that the record shows that the sellers of the property have "unclean hands" and cannot bring a claim for equitable indemnification.

---

[2] *See* Answer and Crossclaims by Defendants David R. Clark and Patriot's Plantation, LLC, ECF No. 101.

The Court will first address the argument that the crossclaim does not contain sufficient factual allegations to state a claim. "For a party to recover under a theory of equitable indemnification, three things must be proven: (1) the indemnitor was liable for causing the Plaintiff's damages; (2) the indemnitee was exonerated from any liability for those damages; and (3) the indemnitee suffered damages as a result of the Plaintiff's claims against it which were eventually proven to be the fault of the indemnitor." *Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.*, 336 S.C. 53, 518 S.E.2d 301, 307 (1999). Paragraphs sixteen (16) and seventy-one (71) of the Answer by Clark and Patriot allege that Clark was not a party to the contract with the plaintiff and that he therefore could not refuse to close on the sale. As to Patriot, the Answer alleges that Patriot denies refusing to close on the sale of the property and alleges that the bank(s) would not allow the closing to take place. Paragraph eighty-seven (87) alleges that, to the extent that Clark and/or Patriot "are held liable to the Plaintiffs . . . , such liability would be a direct and proximate result of the wrongful acts, omissions, negligence and/or representations of the Bank Defendants in this action, which has damaged these Defendants, as these Defendants have been subjected to liability, and have incurred consequential damages in having to expend attorneys' fees and costs in defending this action." Paragraph ninety (90) also requests indemnification for any damages that these defendants are found liable to pay the plaintiffs. Therefore, the elements of equitable indemnification have been pled.

The bank defendants also assert that the claim is implausible because, considering the record in the case[3], "any suggestion that the Bank Defendants have *all* of the fault for any damages payable

---

[3] When considering a Rule 12(b)(6) motion, the Court may consider "matters of public record, items appearing in the record of the case, as well as exhibits attached to the complaint" without converting the motion into one for summary judgment. *Norfolk Fed'n of Bus. Districts v. City of Norfolk*, 103 F.3d 119, *1 (4th Cir. 1996)(table).

by Sellers is absurd." (ECF No. 114-1, p. 10). They contend that Clark and Patriot have conceded that they sold personal property to a third party after the sale with Pulliam did not close and that therefore they lack "clean hands". They further cite this Court's order granting injunctive relief which referred to Clark's sale of personal property in spite of the contract with Pulliam.

Clark and Patriot agree that the various agreements are properly considered in resolving this motion to dismiss. They contend that "the record is devoid of any evidence to show that the Bank Defendants upheld their end of the bargain and made a demand to these Defendants for the difference between the high bid amount and the $5,000,000 outlined in the agreements." (ECF No. 122, p. 8). Therefore, they contend that "it may be inferred that these Defendants are not at fault for the breakdown in the sale of the property. . ." *Id*, p. 9.

In response, the Bank Defendants refer the Court to the agreements of record and assert that these documents demonstrate that the sellers have not abided by their contracts.

The plaintiffs, Pulliam and Patriot II, have filed a Response to the Motion to Dismiss in which they argue that the bank defendants advertised and approved the absolute auction of the property and agreed to release all liens to ensure compliance with the absolute auction contract. (ECF No. 120, p. 6 and attachments). They also assert that the question of fault is factual and cannot be determined from the pleadings.

The Court finds that the motion to dismiss may be resolved without construing the various agreements. The argument by the banks that "unclean hands" of Clark and Patriot bar their claim for equitable indemnification lacks merit at the pleading stage of the case. "The expression 'clean hands' means a clean record with respect to the transaction with the defendants themselves and not with respect to others." *Arnold v. City of Spartanburg*, 201 S.C. 523, 23 S.E.2d 735, 738 (1943). The sale of personal property is arguably "unclean" as between Clark and the plaintiffs, not Clark

and the banks. Therefore, the equitable indemnification claim is not implausible as contemplated by *Twombly*.[4]

The motion to dismiss, ECF No. 114, is denied.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, SC
January 29, 2013

---

[4] In an earlier Order, the Court granted the motion by the plaintiffs to amend their Complaint to add a claim for tortious interference with contract against the banks and others. (ECF No. 93, p. 22) The Amended Complaint alleges that the refusal by the banks to release the liens interferes with the Purchase and Sale Agreement. (The Second Amended Complaint is ECF No. 96. The tortious interference claim appears at pages 19-22.)