IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Norman Pulliam and Patriot's Plantation II, LLC, | ) ) ) | Civil Action No. 4:11-cv-03047-RBH |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| David R. Clark, The National Auction Group, Inc., Patriot's Plantation, LLC, First Century Bank, N.A., T. Stewart Gibson as Trustee of the William S. Clark Irrevocable Trust Dated February 17, 2008, First Sentry Bank, and Bank of Floyd, | ) ) ) ) ) ) ) ) ) | **O R D E R** |
| Defendants. | ) ) | |

Before the Court is the Motion for Summary Judgment by Defendant T. Stewart Gibson, as Trustee of the William S. Clark Irrevocable Trust dated February 17, 2008 (ECF No. 123).[1] Background facts are set forth in this Court's previous order ruling on Motions to Dismiss, ECF No. 93.

**Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp.,* 477 U.S. at 322.

**Analysis**

Defendant T. Stewart Gibson, as Trustee of the Clark Irrevocable Trust, moves for summary judgment on grounds that it is undisputed that he is not currently serving as trustee of the trust and was not serving as trustee during any time period relevant to this action. Attached to the motion is an affidavit by T. Stewart Gibson indicating that he served as trustee from February 17, 2004 through October 14, 2008. On October 14, 2008, he signed a form entitled "Resignation and Appointment of Trustee". Based on the form which was attached to his affidavit, he was replaced as trustee by Bogdan T. Ewendt. The affidavit also attaches a Subordination Agreement recorded in

the records of the Williamsburg Register of Deeds on August 3, 2009.  The Subordination Agreement was executed by Bogdan T. Ewendt as trustee of the trust and attached an acknowledgment by T. Stewart Gibson that Bogdan T. Ewendt was serving as trustee.[2]  (The auction from which this lawsuit arises was held on August 25, 2011.  The subordination agreement subordinated a mortgage held by the trust to a mortgage of First Century Bank.)  Finally, the affidavit attaches a Resignation and Appointment of Trustee form dated November 16, 2010 in which Bogdan T. Ewendt resigned as trustee and David R. Clark was appointed. (ECF No. 123-1).

Plaintiffs first assert in response to the motion that they need additional time to conduct discovery before a ruling is made on the basis of Fed. R. Civ. P. 56(d).  Specifically, they stated that the depositions of Gibson and Clark were scheduled for October of 2012 and that the Court should defer ruling until after those depositions.  Several months have now passed since the depositions were taken, and Plaintiffs have not requested the Court to allow supplemental briefing based on information gleaned at the depositions.  The Court sees no reason to further delay ruling on the motion.

Secondly, Plaintiffs assert that, although the documents attached to Gibson's memorandum indicate that "Gibson may not have been the Trustee at the time of the absolute auction, Gibson's representations" at the auction create questions of fact for a jury to determine if Gibson was acting as trustee on the day of the auction.  Plaintiffs do not cite any cases in support of this argument.  Plaintiffs do not challenge the authenticity of the Resignation or the Acknowledgment which was made a part of the subordination agreement.  They simply contend that Clark should remain a party

---

[2] The Complaint refers to the Clark Irrevocable Trust dated February 17, 200**8**.  However, Gibson's counsel indicates that he "believes that the entity that Plaintiffs are attempting to name is actually 'The William S. Clark Irrevocable Trust dated February 17, 200**4**'.  *See* Footnote 1 to Reply Memorandum, ECF No. 128.

as trustee because of statements allegedly made by him at the auction. They attach an affidavit by plaintiff, Norman Pulliam, which states that Gibson stood beside the auctioneer when he announced that the auction was absolute and that, after the auction was over, Gibson told him that he had authority to bind all parties with an interest in Patriot's Plantation. Pulliam indicates that he concluded that Gibson represented that he had authority to bind the trust.

The affidavit of Pulliam does not create factual issues as to whether Gibson was acting as trustee for the Clark Irrevocable Trust on the date of the auction. It appears to be uncontroverted that Gibson was present at the auction and that he signed the Purchase-Sale Agreement as attorney in fact for the seller. However, merely standing beside the auctioneer would not prove that he was acting as trustee of the trust. Also, if Gibson in fact represented to Pulliam that he "was attending the auction on behalf of all parties holding an interest in the property"[3] and that at closing all liens would be discharged, this would not tend to prove that he was acting as trustee of the trust at the time.[4] The motion for summary judgment, ECF No. 123, is granted.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, SC
January 29, 2013

---

[3] Plaintiff's argument appears to be loosely based on the law of apparent agency. However, apparent authority requires a showing of manifestations by the principal, not by conduct of an alleged agent. *See Roberson v. Southern Finance of SC, Inc.*, 365 S.C. 6, 615 S.E.2d 112, 115 (2005). Here, there is no such evidence.

[4] It would appear that the correct trustee of the trust should be substituted and also that the date of the trust may need to be corrected by a consent order or motion, but that matter is not before the Court.